**Opinion issued May 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00459-CR**

———————————

**MASSEY LEE MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1666802**

---

**MEMORANDUM OPINION**

Appellant, Massey Lee Moore, pleaded guilty to the second-degree felony offense of failure to comply with sex offender registration requirements. On October 28, 2022, in accordance with appellant's plea agreement with the State, the trial court signed a judgment of conviction sentencing appellant to two years' imprisonment.

The trial court certified that this case is a plea-bargain case and appellant has no right of appeal. Appellant, acting pro se, filed a notice of appeal on June 9, 2023. The State has filed a motion to dismiss the appeal for want of jurisdiction. We grant the motion and dismiss the appeal.

In criminal cases, the appellant must file a notice of appeal "within 30 days after the day sentence is imposed." TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). Here, because appellant's sentence was imposed on October 28, 2022 and a timely motion for new trial was not filed, his notice of appeal was due by November 28, 2022. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant did not file his notice of appeal until June 9, 2023, over six months after the deadline. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because appellant's notice of appeal was untimely, we lack jurisdiction over this appeal.

We also lack jurisdiction over this appeal because, in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be

2

dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the clerk's record supports the trial court's certification that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we grant the State's motion and dismiss this appeal for lack of jurisdiction. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).